# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PENNY/OHLMANN/NIEMAN,
INC., et al.,

                                   :

      Plaintiffs,                   Case No. 3:02-CV-156

                            :         District Judge Thomas M. Rose-vs-
                                     Chief Magistrate Judge Michael R. Merz

MIAMI VALLEY PENSION CORP.,
et al.,

                                   :

      Defendants.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. In *Penny/Ohlmann/Nieman, Inc., v. Miami Valley Pension Corp*., 399 F. 3d 692 (6th Cir. 2005), the appellate court affirmed this Court's dismissal of Plaintiff's state law claims against National City Bank, but reversed its dismissal of the claims against Miami Valley Pension Corp.

When Plaintiff filed it Complaint herein, it grounded federal court jurisdiction in ERISA and in 28 U.S.C. §1367 for its state law claims. (Complaint, Doc. No. 1, at ¶ 6.) All federal claims were dismissed in this Court's judgment and no appeal was taken from dismissal of the federal claims. Thus the only claims remaining in the case after remand are the state law claims against MiamiValley Pension Corp.

Generally, if federal claims are dismissed before trial, the state claims should be dismissed as well. *Landefeld v. Marion General Hospital, Inc.,* 994 F. 2d 1178, 1182 (6th Cir. 1993); *Taylor v. First of America Bank-Wayne*, 973 F. 2d 1284 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F. 2d 1331,

1338 (6th Cir. 1992). From the Complaint, there does not appear to be an basis for subject matter

jurisdiction of the remaining claims except for 28 U.S.C. §1367.

The Mandate issued from the Court of Appeals on March 31, 2005, and the record was

returned to this Court on May 3, 2005. On May 6, 2005, the Court ordered Plaintiff to show cause,

on or before May 16, 2005,why the remaining claims in this case should not be dismissed without

prejudice pursuant to 28U.S.C. § 1367.  Plaintiff has not responded.

Accordingly, it is respectfully recommended that this case be dismissed without prejudice

pursuant to 28 U.S.C. §1367.

May 18, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written
objections to the proposed findings and recommendations within ten days after being served with
this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically
extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because
this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),
or (D) and may be extended further by the Court on timely motion for an extension.  Such objections
shall specify the portions of the Report objected to and shall be accompanied by a memorandum of
law in support of the objections.  If the Report and Recommendations are based in whole or in part
upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for
the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate
Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond
to another party's objections within ten days after being served with a copy thereof.  Failure to make
objections in accordance with this procedure may forfeit rights on appeal. *See United States v.
Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d
435 (1985).

H:\DOCS\Penny v. Miami Valley 01.wpd